UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUNNOVA ENERGY CORPORATION, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | Case No. 1:23-cv-435 _____ |
| | § | |
| VISION SOLAR LLC, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF SUNNOVA ENERGY CORPORATION'S ORIGINAL COMPLAINT**

Plaintiff Sunnova Energy Corporation ("Sunnova") files this Complaint against Vision Solar LLC ("Vision Solar") for Vision Solar's failure to pay for goods received. In support thereof, Sunnova alleges as follows:

**OVERVIEW**

1.      This is a straightforward case of non-payment. Sunnova is a Houston-based solar energy company that provided $670,608.88 worth of solar panel equipment to Vision Solar. Vision Solar acknowledges that it received the goods and that it owes Sunnova the invoiced amount of $670,608.88 for receipt of those goods, but it refuses to pay, forcing Sunnova to file suit.

**PARTIES**

2.      Sunnova is headquartered in Houston, with its principal offices located at 20 Greenway Plaza, Suite 475, Houston, Texas 77046. Sunnova is incorporated under Delaware law.

3.      Vision Solar is a Pennsylvania Limited Liability Company with its principal office in New Jersey at 511 Route 168, Blackwood, New Jersey 08012. Its sole member is

Jonathan Seibert, an individual residing in New Jersey.  Its registered agent for service of process

in Texas is United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, Texas 78717.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.

§ 1332.  This matter exceeds $75,000 in controversy, exclusive of interest and costs, and there is

complete diversity of citizenship between the parties.

5.      This Court exercises personal jurisdiction over Vision Solar because it has

purposefully availed itself of the benefits and protections of Texas state law by transacting

substantial business in Texas. Vision Solar has subjected itself to this Court's specific personal

jurisdiction pursuant to due process and/or the Texas Long Arm Statute[1] by: (1) marketing itself

as a residential solar panel installation company in Texas and purposefully directing activities at

residents of this forum,[2] and (2) contracting for and receiving goods from Sunnova in Texas. The

claims of this suit arise out of and relate to these activities of Vision Solar in Texas.

6.      As a result of Vision Solar's conduct described above, Vision Solar has

established sufficient minimum contacts with the Western District of Texas such that Vision

Solar is subject to specific personal jurisdiction in this action. Further, the exercise of personal

jurisdiction based on these repeated and pertinent contacts does not offend traditional notions of

fairness and substantial justice.

7.      Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a

defendant resides. An entity with the capacity to sue and be sued, such as Vision Solar, is

---

[1]      *See* TEX. CIV. PRAC. & REM. CODE § 17.042; *see also Bibbs v. Molson Coors Beverage Co. USA, LLC*, No.
4:22-CV-0200-P, 2022 WL 2900275, at \*2 (N.D. Tex. July 22, 2022) ("When sitting in diversity jurisdiction, this
Court's authority to exercise personal jurisdiction over a defendant is governed by Texas state law.  Texas courts
evaluate personal jurisdiction over nonresident defendants through a two-step inquiry, ensuring compliance with
both the state's long-arm statute and the Due Process Clause of the Fourteenth Amendment.") (internal citations and
quotations omitted).

[2]      Vision Solar's own website says it "offers solar panel installation to homeowners in . . . Texas" and lists
two business addresses for Vision Solar in Texas—one in Houston and one in Austin.  *See* www.visionsolar.com.

deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the

court's personal jurisdiction with respect to the civil action in question under 28 U.S.C.

§ 1391(c)(2).

8.      As discussed above, Vision Solar is subject to personal jurisdiction with respect to

this action in the Western District of Texas, and thus, for the purposes of this action, Vision Solar

resides in the Western District of Texas, and venue is proper under 28 U.S.C. § 1391. Further,

venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of

the acts giving rise to the claims occurred in this District as described above.

## STATEMENT OF FACTS

9.      Sunnova is a Houston-based solar energy company.  Sunnova operates in the

competitive business of selling rooftop solar energy service and serves customers in

approximately 40 states as well as Guam and Puerto Rico.

10.     Vision Solar is a residential solar panel installation company with offices in Texas

and six other states.[3]

11.     Sunnova sold $670,608.88 worth of solar panel installation equipment (namely,

solar edge optimizers and inverters) to Vision Solar in April 2022 and memorialized these

transactions in 10 different invoices, summarized as follows:

| Invoice Number | Invoice Date | Amount | Terms | Payment Due Date |
|---|---|---|---|---|
| 100701 | April 8, 2022 | $158,966.32 | Net 60 days | June 7, 2022 |
| 100718 | April 13, 2022 | $25,383.36 | Net 60 days | June 12, 2022 |
| 100723 | April 20, 2022 | $60,782.40 | Net 60 days | June 19, 2022 |

---

[3]      *See* www.visionsolar.com.

| Invoice Number | Invoice Date | Amount | Terms | Payment Due Date |
|---|---|---|---|---|
| 100724 | April 20, 2022 | $60,782.40 | Net 60 days | June 19, 2022 |
| 100725 | April 20, 2022 | $60,782.40 | Net 60 days | June 19, 2022 |
| 100726 | April 20, 2022 | $60,782.40 | Net 60 days | June 19, 2022 |
| 100727 | April 20, 2022 | $60,782.40 | Net 60 days | June 19, 2022 |
| 100728 | April 20, 2022 | $60,782.40 | Net 60 days | June 19, 2022 |
| 100729 | April 20, 2022 | $60,782.40 | Net 60 days | June 19, 2022 |
| 100730 | April 20, 2022 | $60,782.40 | Net 60 days | June 19, 2022 |
| **TOTAL** | | **$670,608.88** | | |

*See* Ex. 1, Carter Aff. ¶ 3.

12.    All ten invoices had the same "net 60 days" terms, meaning payment was due within 60 days of the invoice date, or by June 19, 2022. *Id.* at 6.

13.    Notwithstanding the parties' clear agreement and full performance by Sunnova of its obligations under the agreement, Vision Solar has failed to pay the purchase price for the goods. *Id.* at 7.

14.    In written correspondence between the parties, Vision Solar has acknowledged that payment under the invoices is due. *Id.* at 10. However, despite repeated demands, Vision Solar has failed to pay as required. *Id.* at 7-8.

## FIRST CAUSE OF ACTION

### BREACH OF CONTRACT

15.    Sunnova realleges and incorporates by reference the allegations set forth in the preceding paragraphs by reference.

4

16.     The April 2022 invoices are valid and enforceable contracts. *See, e.g.*, *Atlas Air, Inc. v. Biskay Holdings LLC*, No. 3:17-CV-1980-BH, 2018 WL 3155828, at \*5 (N.D. Tex. June 28, 2018) (holding that an invoice containing product, price, and quantity terms established the existence of a contract as a matter of law); *Coim USA Inc. v. Sjobrand Inc.*, No. 3:21-CV-02736-E, 2023 WL 2589240, at \*3 (N.D. Tex. Mar. 21, 2023) (holding that Plaintiff and Defendant entered a valid contract through several purchase orders).

17.     By failing and refusing to pay for the goods that are the subject of these agreements, which Sunnova delivered and Vision Solar accepted, Vision Solar has breached the parties' agreement.

18.     This breach has resulted in substantial damages to Sunnova in the amount of $670,608.88.[4]

19.     All conditions precedent have either occurred or been waived.

**SECOND CAUSE OF ACTION**

**SUIT ON SWORN ACCOUNT**

20.     Sunnova realleges and incorporates by reference the allegations set forth in the preceding paragraphs by reference.

21.     Pursuant to Rule 185 of the Texas Rules of Civil Procedure, Sunnova brings this claim for a suit on a sworn account.

22.     Sunnova sold and delivered goods to Vision Solar for which Vision Solar agreed to pay a total of $670,608.88.

---

[4]     The Texas Business and Commerce Code provides for damages for breach of contract in the amount of the price of goods accepted. *See* TEX. BUS. & COM. CODE § 2.709 ("When the buyer fails to pay the price as it becomes due the seller may recover, together with any incidental damages under the next section, the price ... of goods accepted.").

23.    The prices charged were just and true because they were according to the terms of contracts of sale, which provided that Vision Solar is the buyer and agrees to pay the seller, Sunnova, in exchange for the goods sold.  The charges are the usual, customary, and reasonable prices for the goods.

24.    Sunnova maintained a systemic record of its sale of goods to Vision Solar, including the balance due.

25.    All lawful offsets, payments, and credits have been applied to the account.

26.    The account remains unpaid as of the filing of this petition.

27.    The damages are liquidated and total $670,608.88.

28.    Attached to this petition is the sworn affidavit of Laura Carter, Sunnova's Vice President of Supply Chain, verifying this information and providing true and accurate copies of invoices reflecting this information.

## THIRD CAUSE OF ACTION

### QUANTUM MERUIT

29.    Sunnova realleges and incorporates by reference the allegations set forth in the preceding paragraphs by reference.

30.    Sunnova provided valuable services to Vision Solar by selling and delivering the solar panel installation equipment.

31.    Vision Solar accepted the goods and received a benefit from the goods provided by Sunnova.

32.    Sunnova expected remuneration for the benefit conferred upon Vision Solar, and Vision solar, through its contracted invoices, had reasonable notice that Sunnova expected such remuneration.

33.    Vision Solar has not paid for the benefits received from Sunnova.

34.    Vision Solar's retaining the benefits received from Sunnova (the solar panel equipment), without paying for those benefits, would be unjust.

35.    As a result of Vision Solar's wrongful actions, Sunnova has suffered damages.

## ATTORNEYS' FEES

36.    Sunnova is entitled to recover its reasonable and necessary attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code.  Sunnova perfected its right to its attorneys' fees under this statute by presenting a claim for payment.  More than 30 days have elapsed since Sunnova presented its claim, and Vision Solar has not tendered payment for the just amount owed.

## JURY DEMAND

37.    Sunnova demands a jury trial on all claims and issues so triable.

## RELIEF REQUESTED

**WHEREFORE**, for the reasons stated, Sunnova respectfully requests the Court grant judgment in favor of Sunnova and requests that the Court:

a.    award Sunnova the full measure of its actual damages totaling $670,608.88;

b.    award Sunnova pre-judgment and post-judgment interest;

c.    award Sunnova reasonable attorneys' fees and court costs; and

d.    order such other and further relief to which Sunnova may be justly entitled.

Dated:  April 19, 2023

                                                      Respectfully submitted,

OF COUNSEL:                                           BAKER BOTTS L.L.P.

    Kevin T. Jacobs                          By:  */s/ Danny David*_____
    Texas Bar No. 24012893                        Danny David
    Laura Shoemaker McGonagill (pro hac           Attorney-in-Charge
    vice pending)                                 Texas Bar No. 24028267
    Texas Bar No. 24106431                        Baker Botts L.L.P.
    Baker Botts L.L.P.                            910 Louisiana Street
    910 Louisiana Street                          Houston, Texas 77002
    Houston, Texas 77002                          (713) 229-4055
    (713) 229-1234                                danny.david@bakerbotts.com
    kevin.jacobs@bakerbotts.com
    laura.mcgonagill@bakerbotts.com          ATTORNEYS  FOR  SUNNOVA  ENERGY
                                                      CORPORATION