UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SUNNOVA ENERGY CORPORATION, | § § | |
| Plaintiff | § § | |
| vs. | § § | Case No. 1:23-cv-00435-LY |
| VISION SOLAR LLC, | § § § | |
| Defendant. | § § | |

**PLAINTIFF SUNNOVA ENERGY CORPORATION'S
REQUEST FOR CLERK'S ENTRY OF DEFAULT,
MOTION FOR DEFAULT JUDGMENT, AND MOTION FOR ATTORNEYS' FEES**

Plaintiff Sunnova Energy Corporation ("Sunnova") respectfully requests the Clerk to enter default against Vision Solar LLC ("Vision Solar") pursuant to Federal Rule of Civil Procedure 55(a), on the grounds that Vision Solar has failed to appear, has failed to answer the Complaint or otherwise file a responsive pleading in a timely manner, and has failed to otherwise defend Sunnova's claims. Sunnova also moves for Default Judgment against Vision Solar pursuant to Federal Rule of Civil Procedure 55(b)(2) and moves for its attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d) and Texas Civil Practice & Remedies Code § 38.001. In support of this Request, Sunnova would show as follows:

### I. FACTUAL BACKGROUND

On April 19, 2023, Sunnova filed a Complaint against Vision Solar asserting claims of breach of contract, suit on sworn account, and quantum meruit. (ECF No. 1). (*See also* Declaration of Kevin Jacobs, at ¶ 2, filed concurrently as Exhibit A). On April 21, 2023, Vision Solar was served with a summons and a copy of the Complaint by personal service onto an authorized person of its registered agent. (ECF No. 6). (*See also* Jacobs Decl., at ¶ 3, Ex. 2). Vision Solar's answer was originally due on May 12, 2023, but Vision Solar has failed to file an

answer or any other responsive pleading, or otherwise appear in this action. *See* FED. R. CIV. P. 6, 12(a)(l)(A); (Jacobs Decl., at ¶ 3).

As of the date of this filing, Vision Solar has not responded, nor has it appeared, answered, or filed any other responsive pleading. (*Id.* at ¶¶ 3-4). Counsel for Vision Solar, though Vision Solar has not made an appearance in the lawsuit, has reached out to counsel for Sunnova. (*Id.* at ¶ 4). Vision Solar did not dispute the merits of Sunnova's claim, but Vision Solar has yet to file an answer or otherwise defend this suit. (*Id.*).

## II.  REQUEST FOR ENTRY OF DEFAULT

Sunnova is entitled to entry of default against Vision Solar. The Clerk must enter a default against a party who has not filed a responsive pleading or otherwise defended the suit. FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, ***the clerk must enter the party's default***.") (emphasis added); *see Christus Health Care Sys., Inc. v. Am. Consultants RX, Inc.*, No. 12-1221, 2014 WL 1092096, at *2 (W.D. Tex. Mar. 18, 2014) (clerk may enter default when requirements of Rule 55(a) are met).

The Clerk should enter default against Vision Solar here because Vision Solar has failed to file an answer, plead, or otherwise defend this suit for over two months after the date Vision Solar was served. *See* FED. R. CIV. P. 6, 12(a)(l)(A) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Vision Solar was required to respond by May 12, 2023, but no answer or extension of time to answer has been filed with this Court as of the day of this Request (which is over a month after an answer or other responsive pleading was due). Nor has any counsel of record appeared for Vision Solar. Thus,

entry of default against Vision Solar is warranted. *See* FED. R. CIV. P. 55(a); *Christus Health*, 2014 WL 1092096, at *2.

Sunnova shows these facts by Kevin Jacobs's Declaration, attached hereto as Exhibit A, and therefore meets the remaining procedural requirements for obtaining entry of default from the clerk. *See* FED. R. CIV. P. 55(a) (default entered when party's failure to plead or otherwise defend is shown by "affidavit or otherwise").

### III. MOTION FOR DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 55(b)(2), Sunnova requests that the Court render default judgment against Vision Solar because it has failed to answer or otherwise defend against Sunnova's claims in its Original Complaint. Sunnova, therefore, meets the requirements for obtaining a default judgment against Vision Solar, as demonstrated by the facts detailed above.

Sunnova seeks actual damages on its claims in the amount of $670,608.88, which is the amount of goods Vision Solar received but did not pay for. Sunnova also seeks an award of prejudgment interest against Vision Solar at the rate of 8.25% simple interest,[1] starting on the date that Sunnova first filed its lawsuit against Vision Solar (*i.e.*, on April 19, 2023) and continuing through the date prior to the Court's entry of judgment. *See* TEX. FIN. CODE ANN. §§ 304.003(c)(1)-(2), 304.104 (West 2017); *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 415 (5th Cir. 2011). "Awards of pre-judgment interest should be granted as a matter of course, not of discretion, where damages accrued prior to judgment." *Houston Cas. Co. v. Lexington Ins. Co.*, CV H-05-1804, 2007 WL 9751914, at *2 (S.D. Tex. Oct. 30, 2007). Furthermore, Sunnova

---

[1] "Under 28 U.S.C. § 1961(a), in diversity cases, post-judgment interest is calculated at the federal rate, while pre-judgment interest is calculated under state law." *Boston Old Colony Ins. Co. v. Tiner Associates Inc.*, 288 F.3d 222, 234 (5th Cir. 2002). The current Texas judgment rate is 8.25%. *See* https://occc.texas.gov/publications/interest-rates.

3

seeks post-judgment interest against Vision Solar at the rate applicable on the date that judgment is rendered against it. *See* 28 U.S.C.A. 1961(a) (mandating award of post-judgment interest). Sunnova also seeks taxable costs of court.

Sunnova further seeks attorneys' fees and costs in the amount of $34,648.70, as further set out in its below Motion for Attorneys' Fees.

## IV. MOTION FOR ATTORNEYS' FEES

Should the Court enter Default Judgment against Vision Solar, Sunnova files this motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and Texas Civil Practice & Remedies Code § 38.001.

### ARGUMENT AND AUTHORITIES

**A. Under Texas law, Sunnova is entitled to its attorneys' fees because it will have prevailed on its breach of contract claims against Vision Solar.**

"State law governs attorney's fee awards in a diversity case." *HCC Ins. Holdings, Inc. v. Remeika*, No. CV H-15-2564, 2016 WL 4272345, at *5 (S.D. Tex. Aug. 15, 2016). Under Texas law, which governs this dispute, a party may recover attorneys' fees on a claim for "an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8). "[T]he statute allows recovery of fees if a litigant prevails on a breach of contract claim and recovers damages." *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, No. 6:12-CV-14, 2016 WL 1588312, at *3 (S.D. Tex. Apr. 20, 2016). A party can recover fees under the statute if: (1) the claimant is represented by counsel, (2) the claim is presented to the other party, and (3) the amount is not tendered before the thirtieth day of the claim being presented. TEX. CIV. PRAC. & REM. CODE § 38.002.

Should the Court enter Default Judgment against Vision Solar, all elements required by Sunnova to recover attorneys' fees would be present. Sunnova sought the recovery of attorneys' fees, and the final judgment will award damages. Sunnova has been represented by Baker Botts

4

L.L.P. in this matter and its claim was presented to Vision Solar in writing before suit was filed.[2] (*See* Doc. No. 1). Vision Solar has not paid the amount claimed. (*Id.*). Attorneys' fees therefore should be awarded.

### B. Under the lodestar method, the Court should award $34,648.70 to Sunnova.

#### 1. The Court should award attorneys' fees based on the lodestar method.

Sunnova's motion seeks to recover attorneys' fees that were reasonable and necessary for this litigation. *Arthur Andersen & Co. v. Perry Equip. Corp*, 945 S.W.2d 812, 818–19 (Tex. 1997). The lodestar method is an acceptable method for calculating attorneys' fees under Tex. Civ. Prac. & Rem. Code § 38.001. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 496 (Tex. 2019) ("The lodestar method . . . is a focused and objective analysis of whether the fees sought are reasonable and necessary, yielding a base figure that reflects most *Arthur Andersen* factors and is thus presumptively reasonable."). Under the lodestar method: (1) the court multiplies the number of hours reasonably expended by reasonable hourly rates of the participating attorneys, and then (2) the court may raise or lower that amount if certain relevant factors support such an adjustment. *Id.* at 501–02. Factors relevant to the calculation include: (1) the time, skill and labor required to perform the work properly; (2) the novelty and difficulty of the questions involved; (3) the fee customarily charged in the area for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the circumstances; and (6) the experience, reputation and ability of the lawyers performing the work. *Id.* at 500.

---

[2] "No particular form of presentment is required—it may be written or oral. [A]ll that is necessary is that a party show that its assertion of a debt or claim and a request for compliance was made to the opposing party, and the opposing party refused to pay the claim." *Gordon v. Leasman*, 365 S.W.3d 109, 116 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (internal citations and quotations omitted).

   **2. Sunnova has incurred $23,648.70 in reasonable and necessary attorneys' fees for the months of March, April, and May 2023, and is expected to incur $11,000 in reasonable and necessary attorneys' fees for the month of June 2023.**

Sunnova was represented in this action by Baker Botts L.L.P. (*See* Ex. A, Kevin Jacobs Decl.) Sunnova retained Baker Botts to recoup payment from Vision Solar in March 2023. (*Id.* at ¶¶ 9, 12). The total attorneys' fees and costs incurred in connection with this matter from March 2023 through May 2023 are $23,648.70. (*Id.* ¶ 12).[3] Sunnova has paid all invoices in this matter, except for the most recent invoice issued for May 2023 time. (*Id.*). In addition, Sunnova is expected to incur $11,000 in fees for the month of June 2023. (*Id.*). Baker Botts was required to perform numerous tasks to prosecute this case, including drafting and filing Sunnova's Original Petition, negotiating and interacting with counsel for Vision Solar, drafting a Request for Entry of Default and Motion for Default Judgment, and other tasks detailed in the attached declaration and billing records. (*Id.* at ¶¶ 9-11).

This lawsuit was entirely due to Vision Solar's decision to disavow the parties' contracts. Throughout the dispute, the matter has been handled by attorneys at Baker Botts with the appropriate and requisite level of experience, with a majority of the work being done by a senior associate with oversight by a partner. (*Id.* at ¶ 16). These attorneys avoided incurring attorneys' fees on matters beyond what was essential to obtaining the appropriate result in this case. (*Id.*). For example, Sunnova did not seek discovery against Vision Solar to avoid expending unnecessary attorneys' fees. (*Id.*). Despite managing this case as efficiently as possible, the money that Sunnova has been forced to spend in prosecuting this lawsuit has exacerbated the economic harm caused by Vision Solar's failure to pay invoices that are now overdue. Given the

---

[3] Kevin Jacobs's affidavit, submitted in support of this motion, attaches redacted copies of Baker Botts' invoices. Sunnova is willing to provide unredacted copies of Baker Botts' invoices for the Court's *in camera* review should the Court so require.

nature of the proceedings, the work Baker Botts performed was reasonable and necessary. (*See* at ¶¶ 5-19).

If Vision Solar decides to pursue an appeal of this matter to the United States Court of Appeals for the Fifth Circuit or beyond, Sunnova will incur additional attorneys' fees, for which it is also entitled to recovery.[4]  Sunnova's reasonable and necessary attorneys' fees in an appeal of this matter are anticipated to be at least $125,000 for an appeal to the Fifth Circuit. (*Id.* at ¶ 19.).  Should a party file a motion for rehearing, Sunnova will incur an additional $35,000 in legal fees.  (*Id.*).  Should the matter be set for rehearing en banc, Sunnova will incur an additional $125,000 in legal fees.  (*Id.*).  Should a Petition for Certiorari be filed in the United States Supreme Court, Sunnova will incur an additional $75,000 in legal fees if the United States Supreme Court requests a response.  (*Id.*).

## V. CONCLUSION

For the reasons stated above, Sunnova asks the Clerk to enter default against Vision Solar in favor of Sunnova.  Sunnova further requests that the Court render default judgment against Vision Solar on Sunnova's claims for breach of contract, suit on sworn account, and quantum meruit.  Sunnova also respectfully requests that the Court award prejudgment interest and post-judgment interest at the applicable rates.  Because "there is no just reason for delay," FED. R. CIV. P. 54(b), Sunnova requests that the Court direct entry of judgment against Vision Solar in Sunnova's favor on all of its claims against Vision Solar.

Sunnova also moves the Court to award it $34,648.70 in reasonable and necessary attorneys' fees incurred in the prosecution of this case against Vision Solar, $125,000 in appellate fees to be incurred if Vision Solar appeals this matter to the United States Court of

---

[4] *S. Tex. Elec. Coop. v. Dresser-Rand Co.*, CIVA V-06-28, 2010 WL 1855959, at *2 (S.D. Tex. May 5, 2010) (holding that a request for appellate attorneys' fees should be made within the 14-day window provided for by Rule 54(d) by a prevailing party in the district court).

Appeals for the Fifth Circuit, $35,000 should a party file a motion for rehearing, $125,000 should the matter be set for rehearing en banc, and $75,000 should a Petition for Certiorari be filed in the United States Supreme Court, if the United States Supreme Court requests a response.  Sunnova also requests such other and further relief to which he may be justly entitled.

                Respectfully submitted,

OF COUNSEL:                BAKER BOTTS L.L.P.

    Kevin T. Jacobs                By: */s/ Danny David*
    Texas Bar No. 24012893            Danny David
    Laura Shoemaker McGonagill (pro hac vice)    Attorney-in-Charge
    Texas Bar No. 24106431            Texas Bar No. 24028267
    Baker Botts L.L.P.                Baker Botts L.L.P.
    910 Louisiana Street              910 Louisiana Street
    Houston, Texas 77002            Houston, Texas 77002
    (713) 229-1234                (713) 229-4055
    kevin.jacobs@bakerbotts.com        danny.david@bakerbotts.com
    laura.mcgonagill@bakerbotts.com

ATTORNEYS FOR SUNNOVA ENERGY CORPORATION

## CERTIFICATE OF SERVICE

      I hereby certify that I have mailed by certified mail a true and correct copy of this request and the accompanying proposed order upon defendant Vision Solar LLC's registered agent for service of process in Texas: United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, Texas 78717.  I have also emailed a copy to Ari Linden, the attorney who reached out to Baker Botts via email purporting to represent Vision Solar LLC.

                */s/ Laura Shoemaker McGonagill*
                Laura Shoemaker McGonagill