**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **SUNNOVA ENERGY CORPORATION,** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | **Case No. 1:23-CV-00435-ADA** |
| **v.** | § | |
| | § | |
| **VISION SOLAR LLC,** | § | |
| *Defendant* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   **THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff's Motion for Default Judgment and Motion for Attorneys' Fees, filed June 28, 2023 (Dkt. 10); Plaintiff's Opposed Motion for Hearing on Its Motion for Default Judgment and Motion for Attorneys' Fees, filed July 6, 2023 (Dkt. 12); Defendant's Opposed Motion to Vacate Entry of Default, filed July 14, 2023 (Dkt. 15); Plaintiff's Alternative Motion for Summary Judgment, filed July 21, 2023 (Dkt. 17); Defendant's Cross-Motion for Partial Summary Judgment, filed August 4, 2023 (Dkt. 21); and the associated response and reply briefs.[1]

## I.   Background

Plaintiff Sunnova Energy Corporation, a Delaware corporation with its principal place of business in Houston, Texas, offers rooftop solar energy services. Plaintiff's Original Complaint (Dkt. 1) ¶¶ 2, 9. Defendant Vision Solar LLC, a Pennsylvania limited liability company with its principal place of business in Blackwood, New Jersey, is a residential solar panel installation company "with offices in Texas and six other states." *Id.* ¶ 10.

---

[1] By Text Orders entered July 24, 2023 and August 8, 2023, the District Court referred the dispositive motions for a report and recommendation and Plaintiff's Motion for Hearing for disposition by this Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

Sunnova alleges that it sold $670,608.88 of solar panel installation equipment ("Goods") to Vision Solar in April 2022 "and memorialized these transactions in ten different invoices." *Id.* ¶¶ 11, 12. Each invoice describes the Goods to be shipped, where the Goods were to be shipped,[2] where the invoice was mailed,[3] the total amount due, the invoice date, and the invoice "Terms" of "Net 60 days." Dkt. 17-1 at 6-15. Sunnova alleges, and Vision Solar does not dispute, that "Net 60 Days" means that "payment was due within 60 days of the invoice date." Dkt. 1 ¶ 12. Sunnova contends that the ten invoices "are valid and enforceable contracts." *Id.* ¶ 16 ("Purported Contracts"). Sunnova alleges that it fully performed under the Purported Contracts by delivering to Vision Solar the Goods, which "Vision Solar accepted," but that "Vision Solar has failed to pay the purchase price for the goods," in violation of the Purported Contracts. *Id.* ¶¶ 13, 17.

On April 19, 2023, Sunnova filed this suit against Vision Solar, alleging Texas state claims for breach of contract, suit on sworn account, and quantum meruit. *Id.* ¶¶ 15-35. Sunnova seeks $670,608.88 in monetary damages, pre-judgment and post-judgment interest, and attorneys' fees and costs. Sunnova served Vision Solar with the lawsuit on April 21, 2023. Dkt. 6. Vision Solar did not file an answer or otherwise make a timely appearance. On June 28, 2023, Sunnova filed a Motion for Clerk's Entry of Default, Motion for Default Judgment, and Motion for Attorneys' Fees under Rules 54 and 55. Dkt. 10. The Clerk entered a default the same day. Dkt. 11.

---

[2] The Goods were to be shipped to six states, including one shipment to Vision Solar in Austin, Texas. *See* Invoices, Dkt. 17-1 at 6-15 (showing Goods were to be shipped to Blackwood, New Jersey (two shipments); Orlando, Florida (one shipment); Tampa, Florida (one shipment); Pompano Beach, Florida (one shipment); Southington, Connecticut (two shipments); Hudson, Massachusetts (one shipment); Tempe, Arizona (one shipment); and Austin, Texas (one shipment)).

[3] The invoices were "Bill[ed]" to "Vision Solar LLC, 511 Rte 168, Blackwood, New Jersey." Dkt. 17-1 at 6-15.

On July 14, 2023, Vision Solar made an appearance and moved to vacate the Clerk's entry of default under Rule 55(c). Sunnova opposes the motion and alternatively moves for summary judgment. Vision Solar also moves for partial summary judgment on Sunnova's Motion for Attorneys' Fees. Sunnova requests a hearing on its Motion for Attorneys' Fees under Rule 54.

## II.    Motions for Default Judgment and to Vacate Entry of Default

Sunnova asks the Court to enter default judgment against Vision Solar under Rule 55(b)(2) "because it has failed to answer or otherwise defendant against Sunnova's claims in its Original Complaint." Dkt. 10 at 1. Vision Solar contends that it did not file a timely answer because it could not engage local counsel before the deadline and Sunnova "flatly refused" its request for a thirty-day extension. Dkt. 15 at 1.

### A.  Legal Standards

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the clerk of court, the plaintiff may apply for a judgment based on the default. FED. R. CIV. P. 55(b)(2).

The entry of default judgment is committed to the discretion of the district judge. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Even when the defendant technically is in default, a party is not entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n.*, 874 F.2d 274, 276 (5th Cir.1989) (footnotes omitted). The Fifth Circuit has adopted "a policy in favor of resolving cases on their merits and against the use of default judgments." *In re Chinese Mfg. Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014).

Under Rule 55(c), a court may set aside an entry of default for good cause. The burden of showing good cause lies with the party challenging the default. *Sindhi*, 905 F.3d at 332. To determine whether good cause exists to set aside an entry of default, courts consider "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018). These factors are not "talismanic," *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992), and courts will consider other factors, such as whether the defendant "acted expeditiously to correct the default." *Chinese Mfg.*, 742 F.3d at 576. "The ultimate inquiry remains whether the defendant shows 'good cause' to set aside the default." *CJC Holdings*, 979 F.2d at 64.

The decision to set aside a default "is committed to the sound discretion of the trial court." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir.1992). But "district courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense. This is because courts universally favor trial on the merits." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (citations omitted).

## B.  Motion to Vacate

Vision Solar argues that the Clerk's entry of default should be set aside because the default was not willful, Sunnova will not be prejudiced, it has raised a meritorious defense, and it moved promptly to set aside the default. Sunnova disputes that Vision Solar has established good cause to set aside the default.

### 1.  Willfulness

Willfulness is "an intentional failure to respond to litigation." *In re OCA, Inc.*, 551 F.3d 359, 371 n.32 (5th Cir. 2008) (citation omitted). "A finding of willful default ends the inquiry, for when

the court finds an intentional failure of responsive pleadings there need be no other finding." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citation omitted).

Vision Solar did not timely file an answer. As stated, Vision Solar contends that it did not timely answer because it is in New Jersey and could not retain local counsel by the May 12, 2023 deadline. Dkt. 15 at 2; Ari Linden Declaration, Dkt. 15-1 ¶ 3. Five days later, Vision Solar's in-house counsel, Ari Linden, sent an email to Sunnova's counsel, Danny David, stating:

> As you know, I am General Counsel to Vision Solar. I understand this has been filed, we wish to discuss a resolution in lieu of litigation. In the short term, as I would need to locate local counsel, will you consent to the adjournment of 30 days. Further, is your client willing to entertain a lump sum (reduced) or payment in full over time repayment? Thank you in advance for your cooperation and courtesy. I look forward to your reply.

Dkt. 17-3 at 3. Sunnova did not respond to Linden's email. Linden again emailed David and another attorney for Sunnova on May 29, 2023, again asking for an extension of time to answer. *Id.* at 2. Sunnova eventually responded, denied Vision Solar's request for an extension of time, and filed its Motion for Entry of Default on June 28, 2023. Twelve days later, on July 10, 2023, Vision Solar retained local counsel, who filed the motion to vacate. Dkt. 15-1 ¶ 6.

Based on the record, this "was not a case of a defendant cho[osing] to play games" with the plaintiff or the Court by failing to act on the litigation. *Lacy*, 227 F.3d at 292. "A communication to plaintiff's counsel in which the defendant's lawyer indicated an intention to defend the suit may suffice as an appearance even when no formal papers are filed." *Interscope Recs. v. Benavides*, 241 F.R.D. 458, 460 (W.D. Tex. 2006). As detailed above, Vision Solar's in-house counsel contacted Sunnova's counsel twice to request an extension of the answer deadline to obtain local counsel. Sunnova's counsel first ignored the request and then denied it. Sunnova also ignored Vision Solar's requests to engage in settlement discussions. Although Vison Solar should have filed a motion for extension of time with the Court, its communications with opposing counsel

show that it intended to defend the lawsuit and engage in settlement discussions. *See Lacy*, 227 F.3d at 292 (finding that defendant did not willfully default where counsel for defendant made repeated contacts with plaintiff to resolve the suit); *Charlton L. Davis & Co., P. C. v. Fedder Data Ctr., Inc.*, 556 F.2d 308, 309 (5th Cir. 1977) (vacating default judgment where evidence showed that plaintiff knew that defendant "had a clear purpose to defend the suit" where defense counsel both called and sent a letter to plaintiff's attorney requesting an extension of time to file an answer which was "responsive to plaintiff's formal Court action"); *see also Data Comm Commc'ns, Inc. v. Caramon Grp., Inc.*, No. 97-0735, 1997 WL 438832, at *3 (E.D. Pa. July 24, 1997) (finding that defendant's default was not willful where defendants failed to file timely answer because "they were searching for local counsel who was willing to litigate a RICO suit" and "their failure to respond was not motivated by a desire to manipulate or delay the proceedings"). The Court finds that Vision Solar did not willfully default.

### 2. Prejudice

Sunnova alleges that it "will be prejudiced if the default is vacated," but fails to explain how. Dkt. 17 at 4.

> There is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping relief it obtained without a trial and by default. All that has been done is to give the defendants their day in court. Thus, mere delay does not alone constitute prejudice. Rather, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.

*Lacy*, 227 F.3d at 293 (cleaned up). Sunnova makes no such showing. When a plaintiff has not presented a legitimate claim of prejudice that would arise from setting aside a default, "any doubt should, as a general proposition, be resolved in favor of [the defendant] to the end of securing a

trial upon the merits." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008). The Court finds that Sunnova will not suffer prejudice by setting aside the entry of default.

### 3. Meritorious Defense

Next, the Court considers whether Vision Solar has presented a meritorious defense. "In determining whether a meritorious defense exists, the underlying concern is whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *OCA*, 551 F.3d at 37 (citation omitted). In other words, a meritorious defense "is measured not by whether there is a likelihood that it will carry the day, but the evidence submitted, if proven at trial, would constitute a complete defense." *Jenkens*, 542 F.3d at 122.

Vision Solar argues that it has come forward with three meritorious defenses: (1) lack of personal jurisdiction; (2) failure to allege a prima facie breach of contract claim; and (3) waiver of the 60-day payment term. The Court addresses only the first, finding Sunnova has not shown that Vision Solar, a New Jersey-based company, has sufficient contacts with Texas to support the exercise of personal jurisdiction.

A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if the state's long-arm statute permits an exercise of jurisdiction over that defendant and an exercise of jurisdiction would comport with the requirements of the Due Process Clause of the Fourteenth Amendment. *Sangha v. Navig8 ShipManagement Priv. Ltd.,* 882 F.3d 96, 101 (5th Cir. 2018). Because the requirements of the Texas long-arm statute are coextensive with the requirements of the Due Process Clause, the sole inquiry is whether the Court's exercise of personal jurisdiction over the defendant would be consistent with due process. *Id.*

Though personal jurisdiction can be general or specific, this case implicates only the latter. In evaluating whether due process permits the exercise of specific jurisdiction, courts in this circuit consider these three factors:

1. whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there;

2. whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and

3. whether the exercise of personal jurisdiction is fair and reasonable.

*Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). The plaintiff has the burden of proof on the first two factors. *Id.* If the plaintiff satisfies the first two prongs, the burden shifts to the defendant to make a "compelling case" that the assertion of jurisdiction is not fair or reasonable. *Id.*

"For there to be minimum contacts, a defendant must have purposefully availed himself of the benefits and protections of the forum state such that he should reasonably anticipate being haled into court there." *Id.* (internal quotation marks and citations omitted). That requirement is the "constitutional touchstone" of personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). It "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* at 475 (internal quotation marks and citations omitted). That is, the plaintiff cannot supply "the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Jurisdiction is proper only where the "defendant himself" made deliberate contact with the forum. *Id.* at 284.

Sunnova first argues that Vision Solar has subjected itself to the Court's specific jurisdiction by "marketing itself as a residential solar panel installation company in Texas and purposefully directing activities at residents of this forum." Dkt. 17 at 7-8. Sunnova points to Vision Solar's statement on its website that "Vision Solar offers solar panel installation for homeowners in

Arizona, Connecticut, Florida, Massachusetts, Pennsylvania, Texas and New Jersey." *Id.* at 7.[4] Vision Solar argues that it did not purposefully direct its activities at Texas residents by "such undifferentiated advertising, which is accessible nationally and internationally." Dkt. 15 at 6. Vision Solar emphasizes that it its website is "merely informational" and presents only "passive advertising" to customers throughout the United States, and that "[p]otential customers cannot make purchases or even communicate directly with Vision Solar through the website." *Id.*

To assess the existence or absence of purposeful availment based on activities on the internet, the Fifth Circuit has adopted the framework set forth in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021). Under *Zippo*, a defendant purposefully avails itself of the benefits and protections of the forum state if it "enters into contracts with residents of [the] foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet." 952 F. Supp. at 1124. "It has not done so simply by posting information on a passive website." *Admar*, 18 F.4th at 786. A defendant "does not have sufficient minimum contacts with a forum state just because its website is accessible there." *Id.* at 787. Rather, "[t]he defendant must also target the forum state by purposefully availing itself of the opportunity to do business in that state." *Id.* (concluding that Wisconsin company did not purposefully target activities at Louisiana where its website targeted "the entire United States," not just Louisiana); *see also Pervasive Software*, *Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 228 (5th Cir. 2012) (finding that software developer did not purposefully avail itself of privileges and benefits of conducting business in Texas when defendant's website was merely accessible in the forum and did not target the forum). Vision Solar's passive website alone does not show that it purposefully directed its activities at Texas residents.

---

[4] Sunnova also notes that Vision Solar's website "lists two business addresses for Vision Solar in Texas," but does not allege that these locations had anything to do with the claims in this suit. Dkt. 17 at 8 n.2.

Sunnova next argues that Vision Solar purposefully directed its activities at Texas by entering into "a contract with Sunnova, which is headquartered in Texas," and by "receiving goods from Sunnova in Texas." Dkt. 17 at 8. But it is well-settled that "an individual's contract with an out-of-state party *alone* cannot automatically establish sufficient minimum contacts in the other party's home forum." *Pervasive Software*, 688 F.3d at 222-23 (quoting *Burger King*, 471 U.S. at 478). Personal jurisdiction does not turn on "mechanical tests, or on conceptualistic theories of the place of contracting or of performance." *Burger King*, 471 U.S. at 478 (citations omitted). Courts look to prior business negotiations, contemplated future consequences, terms of the contract, and the parties' actual course of dealing to determine whether the defendant purposefully established minimum contacts with the forum. *Id.*

Along with its own location in Texas, Sunnova argues that Vision Solar directed its activities at Texas because (1) Sunnova allegedly shipped one of the ten shipments to Vision Solar in Austin, Texas, and (2) Vision Solar was required to mail payments for the Goods to Sunnova at its headquarters in Houston. But "the shipment of articles to the forum state" and "the mailing of payments to the forum do not constitute the minimum contacts necessary to constitutionally exercise jurisdiction over" a nonresident defendant in a breach of contract case. *Stuart v. Spademan*, 772 F.2d 1185, 1193-194 (5th Cir. 1985) (finding that nonresident defendant's contract with Texas plaintiff, isolated shipment of goods to Texas, and mailing of payments to Texas did not constitute minimum contacts necessary to constitutionally exercise jurisdiction over defendant).[5] These contacts are insufficient to show that the Court has personal jurisdiction over Vision Solar.

---

[5] *See also, e.g., Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) ("[T]his Court has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum

While personal jurisdiction has been found in breach of contract cases involving "wide reaching contacts and contemplated future consequences within the forum state," *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 872 (5th Cir. 1999), Sunnova offers no such evidence here. It identifies no evidence that Vision Source initiated the business relationship; where the parties negotiated or executed the Purported Contracts; the specific terms of those agreements, such as what law would govern the Purported Contracts; or whether either party envisioned a long-term interactive business relationship involving Vision Solar's purposeful future contacts with Texas. Without this information, the Court cannot determine whether it has personal jurisdiction over Vision Solar. *See Pervasive Software*, 688 F.3d at 222-23. Because a district court cannot enter a default judgment against a defendant over which it lacks jurisdiction, *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001),Vision Solar has presented a meritorious defense.

### 4. Expeditious Action to Correct the Default

Finally, the Court finds that Vision Solar acted expeditiously to correct the default. Sunnova filed its Motion for Clerk's Entry of Default on June 28, 2023, and Vision Solar moved to vacate some two weeks later, on July 14, 2023. *See In re Marinez*, 589 F.3d 772, 778 (5th Cir. 2009) (finding that defendant acted expeditiously to correct default where it moved to vacate nine days after entry of the order); *U.S. Bank Tr. Nat'l Ass'n as Tr. of Tiki Series IV Tr. v. Walden*, No. 1:21-CV-1188-RP, 2022 WL 19075311, at *2 (W.D. Tex. Mar. 11, 2022) (finding that defendants acted expeditiously to correct default where they moved to vacate "a mere two weeks after the Clerk's Entry of Default").

---

contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant.").

### C.  Conclusion

For these reasons, there is good cause to set aside the entry of default. Vision Solar's failure to act was not willful, setting aside the default will not prejudice Sunnova, and Vision Solar has presented a meritorious defense. Accordingly, the Court recommends that Vision Solar's Motion to Vacate Entry of Default should be granted.

Because this Magistrate Judge recommends that the District Court grant Vision Solar's Motion to Set Aside Entry of Default, the Court also recommends that Sunnova's Motion for Default Judgment and Motion for Attorneys' Fees be denied as moot. *See THD Partners, LLC v. JAG Res., Inc.*, No. A-16-CV-849-LY, 2018 WL 3000546, at *3 (W.D. Tex. June 15, 2018), *R. & R. adopted*, 2018 WL 4343428 (W.D. Tex. July 31, 2018) ("If a court finds good cause to set aside a Clerk's entry of default, default judgment is automatically without foundation and any motion for such must be denied."). The Court also finds that a hearing is unnecessary in this case.[6]

### III.    Motions for Summary Judgment

Sunnova moves for summary judgment, contending that "there is no genuine dispute" Vision Solar violated the parties' contract by failing to pay Sunnova $670,608.88 for the solar panel equipment Vision Solar agreed to purchase. Dkt. 17 at 13. In response, Vision Solar moves for partial summary judgment on Sunnova's claim for attorneys' fees.

"Personal jurisdiction . . . 'is an essential element of the jurisdiction of a district court, without which the court is powerless to proceed to an adjudication.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Emps. Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)). Because the Court cannot determine at this time whether it has personal jurisdiction over Vision

---

[6] Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on detailed affidavits and other documentary evidence to determine whether to grant a default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Solar, the Court cannot reach the merits of the parties' motions for summary judgment. *Id.* This Magistrate Judge recommends that the motions for summary judgment are dismissed without prejudice to refiling after Sunnova has established that the Court has personal jurisdiction over Vision Solar.

## IV.    Order and Recommendation

In sum, this Magistrate Judge **DENIES** Plaintiff Sunnova's Opposed Motion for Hearing on Its Motion for Default Judgment (Dkt. 12) and **RECOMMENDS** that the District Court:

- **DENY** Plaintiff Sunnova' Motion for Default Judgment and Motion for Attorneys' Fees (Dkt. 10);

- **GRANT** Defendant Vision Solar's Motion to Vacate Entry of Default (Dkt. 15); and

- **DISMISS** without prejudice Plaintiff Sunnova's Alternative Motion for Summary Judgment (Dkt. 17) and Defendant Vision Solar's Cross-Motion for Partial Summary Judgment (Dkt. 21).

It is **ORDERED** that the Clerk remove this case from the Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Alan D. Albright.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on October 11, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE